**Duane D. MILLER, Appellant,**

v.

**Harry W. DEAN, et al., Appellees.**

**No. 76–1872.**

United States Court of Appeals, Eighth Circuit.

Submitted March 18, 1977.

Decided April 6, 1977.

---

David C. Nuttleman, Gering, Neb., for appellant.

Milton C. Murphy, North Platte, Neb., for appellee; Harold W. Kay, North Platte, Neb., and Robert J. Bulger, Bridgeport, Neb., on brief.

Before GIBSON, Chief Judge, MATTHES, Senior Circuit Judge, and HENLEY, Circuit Judge.

PER CURIAM.

The dispositive issue here is whether the six-man Board of Education of School District No. 63, Bridgeport, Nebraska, was justified in terminating a contract of employment between the Board and Duane D. Miller, plaintiff (appellant).

A brief resume of the facts will suffice. The contract dated December 2, 1974, employed appellant as Superintendent of Schools for a term commencing January 1, 1975 and ending May 31, 1977. On May 12, 1975, appellant received written notice stating that the Board of Education had voted to consider the proposal that appellant's contract be terminated and suspending appellant from his duties pending a hearing within fifteen days. Attached to the notice was a list of seventeen complaints. On May 16, 1975, appellant, through counsel, requested a hearing. On May 27, 1975, appellant was provided with two additional complaints. A public hearing was held on May 28, 1975. The Board, through counsel, presented evidence in support of the complaints. Appellant, also represented by counsel, presented evidence in opposition. The evidence presented by the Board consisted of the live testimony of Mr. Henne, Elementary School Principal; Mr. Wells, High School Principal; Ms. Gamby, former librarian; Ms. Smith and Ms. Juelfs, teachers; Mr. Brown, police chief; and James Conrad, Board member; a transcript of an interview between two Board members and Janice Tiensvold, a teacher applicant; and certified copies of proceedings in the State of Washington indicating that appellant had at one time been found to be legally insane. Appellant's evidence consisted of his own testimony and that of one Charlotte King, a secretary. At the conclusion of the hearing the Board voted unanimously to terminate appellant's contract on grounds that his conduct was unprofessional, that he had created turmoil in the school system, and had misrepresented his past.

On June 24, 1975, appellant instituted this action in the district court against the Board of Education for District No. 63 and the six members of the Board alleging that the hearing and ultimate decision to terminate the contract deprived him of procedural and substantive due process. By way of relief, appellant sought to enjoin the defendants from interfering with or terminating his status as Superintendent of the school system and seeking also compensatory damages against the individual members of the Board. Jurisdiction was alleged under 42 U.S.C. §§ 1983 and 1985 and 28 U.S.C. § 1343. Apparently the school dis-

trict was dismissed by either appellant or the district court. In any event, the school district is not a party to this appeal.

After the entry of interlocutory orders and upon due consideration of the record, the district court, on September 1, 1976, entered an order denying appellant's motion for a preliminary injunction or for any other relief and entered a judgment for appellees dismissing the cause. This appeal followed.

Seeking a reversal with directions he be reinstated "as Superintendent of Schools . . . ", appellant contends that the Board members denied him procedural and substantive due process in terminating his contract of employment, and that the district court committed fatal error in failing to so find. Appellant sought relief in the district court on the same grounds and submitted arguments in support thereof. The district court upon due consideration declined to sanction appellant's arguments and demonstrated the basis of its decision in a well-reasoned and appropriately documented opinion, which is unpublished.

We have, of course, examined the record in order to independently and responsibly evaluate whether there is any merit in appellant's insistence that he was the subject of arbitrary or capricious action by the Board members so as to deprive him of substantive due process, or whether he was not afforded procedural due process. The record attests to the correctness of the district court's findings and conclusions. Here, if ever, the Board members were fully warranted in terminating appellant's contract and in taking that action they accorded appellant the procedural due process to which he was entitled.

We affirm on the basis of the district court's opinion.