Betty O'NEAL, Appellant,

v.

**CITY OF HOT SPRINGS NATIONAL PARK, and John Seales, Appellees.**

No. 84–2127.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 24, 1984.

Decided Feb. 28, 1985.

Stephany Rush Slagle, Hot Springs, Ark., for appellant.

Michael Rainwater, Little Rock, Ark., for appellees.

Before BRIGHT, JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Betty O'Neal appeals from the district court's [1] entry of judgment against her, following a bench trial, in her 42 U.S.C. § 1983 (1982) action filed against her former employer, the City of Hot Springs, and her former supervisor, John Seale. For reversal O'Neal argues that the district court erred in: (1) concluding that the city did not violate her right to substantive due process by terminating her employment after she was bound over to a circuit court on a charge of armed robbery; (2) concluding that the city did not deny her procedural due process by failing to provide a pretermination hearing; and (3) denying her dam-

---

1. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas.

ages and attorneys' fees under 42 U.S.C. § 1988 (1982). We affirm.

In October 1979 O'Neal began working for the City of Hot Springs as an animal control officer. Her responsibilities included carrying a weapon, issuing criminal citations, and testifying on the City's behalf in animal-control misdemeanor prosecutions. On December 4, 1980, O'Neal was arrested and charged with armed robbery. The following day her supervisor, John Seales, suspended her without pay pending a hearing on the charge. On January 8, 1981, O'Neal appeared in the Hot Springs Municipal Court and pleaded not guilty to the charge of armed robbery. Having waived her right to a preliminary hearing, she was bound over to a circuit court for further proceedings.

On January 9, 1981, Seales terminated O'Neal because she had been bound over to the circuit court. On February 6, 1981, O'Neal initiated a grievance concerning the discharge. The city personnel officer notified her that she had a right to a hearing before the Affirmative Action Committee. O'Neal asked the city to delay the normal timing for the hearing, and the city granted her request, informing her that it would schedule a hearing whenever she desired.

On April 15, 1981, the circuit court, on the request of the prosecuting attorney, dismissed the armed robbery charge against O'Neal without prejudice.[2] On April 23, 1981, O'Neal requested a hearing before the Affirmative Action Committee, and on May 6, 1981, the hearing was held.

At that hearing the city presented the testimony of several police officers who stated that at approximately 8:45 on the evening of December 4, 1980, a UPS office in Hot Springs had been robbed by an armed man. Shortly thereafter the police had set up a road block in the vicinity of the office, and at 9:02 p.m. they had stopped a car which O'Neal owned and was driving and in which her boyfriend, Kenneth Dale Hayes, was a passenger. Mud had been smeared on the license plate, although the rest of the car was clean. After ordering O'Neal and Hayes out of the car, the police discovered a gun, money bags marked "UPS," money, and checks on the front floorboard. The arresting officer also testified that when he first looked into the car O'Neal had tried to conceal the money bags with her coat, and that later when she was searched at the station house $404 had been found concealed in her bra. The officer also testified that O'Neal had tried to hide money when she went to the restroom at the station house.

O'Neal was represented by counsel at the hearing and was given an opportunity to testify, call and cross-examine witnesses, and present evidence. She chose, however, to do none of these things, and the evidence against her went unrebutted. Her attorney made a statement at the end of the hearing, urging the Committee to reinstate O'Neal because the criminal charge against her had been dropped.

The Committee upheld the decision to discharge O'Neal. O'Neal then brought this action in the district court arguing that the city had violated her right to substantive due process because it discharged her arbitrarily and that it had violated her right to procedural due process by failing to give her a pretermination hearing. After conducting a bench trial, the district court entered judgment against O'Neal. This appeal followed.

## I.

■ O'Neal argues that the Affirmative Action Committee denied her substantive due process by arbitrarily deciding to uphold her discharge after the criminal charge against her was dropped. We find this argument meritless. It is undisputed that although the Hot Springs Municipal Employees Handbook gave O'Neal a prop-

---

**2.** The prosecuting attorneys decided to drop the charge shortly after O'Neal's boyfriend, with whom she was arrested, pled guilty to armed robbery and was sentenced to ten years' imprisonment. Before pleading guilty he stated that O'Neal did not know about or participate in the robbery.

erty interest in her job,[3] the handbook also provides that an employee may be discharged for cause, including "conduct that reflects discredit upon the City, while on or off duty, when such behavior threatens order, safety and/or health." Further, the Code of Ethics set out in the handbook provides that "[a]s an employee of the City, you should accept the principle that the welfare of the City depends upon the conduct and honesty of the employees and on the trust and confidence of the public." The Committee had ample evidence from which it could have concluded that, given O'Neal's position as a law enforcement officer, her alleged involvement in the armed robbery discredited the city and warranted the discharge. Under these circumstances, the city's action was not pretextual, arbitrary, or capricious. Thus, O'Neal's rights to substantive due process were not violated. *See Miller v. Dean,* 552 F.2d 266, 268 (8th Cir.1977); *Buhr v. Buffalo Public School District No. 38,* 509 F.2d 1196, 1201 n. 5 (8th Cir.1974).

## II.

O'Neal further argues that the city denied her procedural due process by not giving her a pretermination hearing. She emphasizes that due process requires that an individual must be given notice and an opportunity to be heard *before* being deprived of a property interest.

The district court found that O'Neal did not want a hearing until after the criminal charge against her was dismissed in April 1981 and that she had been offered a hearing in January 1981 before she was terminated, she would not have accepted it. O'Neal does not challenge this factual finding, and we cannot say the finding is clear-ly erroneous. O'Neal actually wanted the city to keep her on a suspended status until the criminal charge against her was resolved and then grant her a hearing before deciding whether to discharge her.[4] The timing of O'Neal's discharge, however, was within the city's discretion.[5]

■ Under these circumstances we conclude that the city did not deprive O'Neal of procedural due process by denying her a pretermination hearing. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)). Moreover, "due process is flexible and calls for such procedural protection as the particular situation demands." *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). Because O'Neal had the armed-robbery charge pending against her at the time she was discharged, we believe O'Neal received her hearing at the most meaningful time: after the charge was dropped. O'Neal would have been in a worse position had the city insisted on holding a pretermination hearing.

## III.

■ O'Neal's argument that the district court erred in denying her damages and attorneys' fees under 42 U.S.C. § 1988 is meritless. She was not a "prevailing party" within the meaning of that section.

Accordingly, we affirm the district court's judgment.

---

**3.** The handbook states that "[a]s an employee of the City of Hot Springs, you have reasonable job security as long as your job exists and your services are satisfactory."

**4.** In a deposition submitted to the district court O'Neal stated that she thought the city acted reasonably in suspending her following her arrest but that the decision to discharge her was premature because she had not been convicted of a crime. (Dep. at 130–33).

**5.** During the district court trial John Seale, O'Neal's supervisor, explained that he decided to discharge O'Neal after her criminal case was bound over to the circuit court because his office was already shorthanded and he could not afford to wait an indefinite amount of time before finding someone to replace her.