· **Tony STERMETZ, Appellant,**

**v.**

**Judge W.R. HARPER and Sebastian County, Arkansas, Appellees.**

**No. 84–1925.**

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1985.

Decided June 6, 1985.

Gregory T. Karber, Ft. Smith, Ark., for appellant.

Charles Daniel Shue, Jr., Ft. Smith, Ark., for appellees.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

FAGG, Circuit Judge.

Tony Stermetz appeals from the district court's entry of summary judgment in favor of County Judge W.R. Harper and Sebastian County, Arkansas. For reversal, Stermetz argues that he was terminated from his employment with Sebastian County in violation of his rights to substantive and procedural due process. We vacate the district court's entry of summary judgment and remand this case to the district court for reconsideration of Stermetz' procedural due process claim.

**Facts**

Stermetz began working for Sebastian County in January of 1978 as a general laborer. He was terminated by the County Judge on April 5, 1983, for the fraudulent filing of insurance claims under the county's group health plan. Under the provisions of the Sebastian County Policies and Procedures Manual (Manual), Stermetz, as a permanent status employee, had the expectation of continued employment "during good behavior and the satisfactory performance of his duties." The Manual provides for the termination of permanent status employees for specified reasons, including dishonesty.

On April 6, 1983, Stermetz filed an affidavit with the County Judge denying the allegations of dishonesty and explaining that all of the claims filed on his behalf under the county health plan were prepared and signed in his name by his wife. Stermetz requested reinstatement and further requested that his termination be reviewed under the grievance procedures provided for in the Manual. On February 24, 1984, approximately eleven months after Stermetz' discharge, a hearing was held before a grievance committee as provided for in step 4 of the grievance procedures. The grievance committee concluded that Stermetz was responsible for the dishonest conduct and that the penalty assessed was not unreasonable or discriminatory.

Stermetz then filed this action under 42 U.S.C. § 1983. The district court treated the defendants' motion to dismiss as a summary judgment motion and granted judgment under Federal Rule of Civil Procedure 56. The court determined that Stermetz had a property interest in continued employment but that he was not terminated in violation of his due process rights.

**Analysis**

**I. Property Interest**

County Judge Harper and Sebastian County do not seriously contest Stermetz' claim that he had a "legitimate claim of entitlement" to continued employment. *See Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). At oral argument before this court, defense counsel virtually conceded that Stermetz had a property interest in employment with the county that he could not be deprived of without due process of law. The district court so held, and for present purposes we do not disagree.

**II. Substantive Due Process**

■ Stermetz challenges as arbitrary and capricious the grievance committee's decision finding him guilty of dishonest conduct. He contends that there is no evidence of dishonesty on his part in that it is undisputed that his wife filed the fraudulent insurance claims. The grievance committee, citing as an example the responsibility of taxpayers for the accuracy of their income tax returns without concern for the identity of their preparers, determined that regardless of whether Stermetz filed the insurance claims, he could not delegate the responsibility for their accuracy. We cannot say that the grievance committee's approach is irrational or that its decision to uphold Stermetz' termination is "pretextual, arbitrary, or capricious." *See O'Neal v. City of Hot Springs National Park*, 756 F.2d 61, 63 (8th Cir.1985).

**III. Procedural Due Process**

■ Stermetz also contends that the County Judge and Sebastian County denied him procedural due process by not following the grievance procedure steps outlined in the Manual. The district court determined that the hearing provided to Ster-

metz, approximately eleven months after his termination, provided Stermetz procedural due process as guaranteed by the Constitution.

Following the district court's grant of summary judgment, the Supreme Court decided the case of *Cleveland Board of Education v. Loudermill,* ── U.S. ──, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). In *Loudermill,* the Supreme Court, relying on a number of its previously decided cases, held that prior to termination a tenured public employee "is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.* 105 S.Ct. at 1495. The Supreme Court further stated that " '[t]he formality and procedural requisites for the [pretermination] hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings.' " *Id.* (quoting *Boddie v. Connecticut,* 401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971)).

Although Stermetz was given an opportunity to present his side of the story prior to termination, the district court did not evaluate the adequacy of the pretermination hearing in light of the subsequent process provided Stermetz. We think it necessary, therefore, to remand this case to the district court to consider the applicability of *Loudermill* and the effect of the decision, if any, on the viability of Stermetz' procedural due process claim.

The district court's entry of summary judgment is vacated, and this case is remanded for further proceedings consistent with this opinion.