**Philip W.L. LUM, Plaintiff–Appellee,**

v.

**Raymond JENSEN, Robert Drake, and the State of California, Defendants–Appellants.**

**No. 87–2896.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 13, 1988.

Decided May 31, 1989.

Vincent J. Scally, Jr., Deputy Atty. Gen., Sacramento, Cal., for defendants-appellants.

James R. Kirby, Segal & Kirby, Sacramento, Cal., for plaintiff-appellee.

Before CHOY, CANBY and NORRIS, Circuit Judges.

CHOY, Circuit Judge:

Raymond Jensen and Robert Drake (collectively referred to as "defendants"), employees of the California Department of Justice, appeal from the district court's denial of their claim to qualified immunity in a 42 U.S.C. § 1983 suit brought by Philip Lum. The district court denied the defendants' motion for summary judgment, in part ruling that there were triable issues of fact as to whether the defendants had violated a clearly established constitutional right. We have jurisdiction over this interlocutory appeal under *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817–18, 86 L.Ed.2d 411 (1985). We reverse, concluding that because there was a conflict among the other circuits and no case law in this circuit at the time of the alleged constitutional violation, the defendants could not have known they were violating a clearly

established constitutional right of the plaintiff. Thus, the defendants are entitled to qualified immunity as a matter of law.

## BACKGROUND

Philip Lum was employed by the California Department of Justice as a criminalist, a civil service position. Raymond Jensen was Lum's supervisor and Robert Drake was Bureau Chief of Lum's division. On April 24, 1984, Lum was placed on paid administrative leave. On May 4, 1984, Lum was served with a Notice of Adverse Action terminating him from the Department of Justice effective May 18, 1984. On two previous occasions, Lum had met with the defendants to discuss Lum's job performance.

Lum appealed his termination to the State Personnel Board and the Board ordered Lum reinstated with back pay and benefits. He returned to work on September 3, 1985. On January 26, 1986, Lum filed a complaint alleging a procedural due process violation and requesting general and punitive damages. On June 9, 1986, Lum filed an amended complaint, alleging denial of both procedural and substantive due process. He claimed that the defendants denied him substantive due process because his termination was arbitrary, capricious, and pretextual.

On July 27, 1987, the defendants filed a motion for summary judgment seeking dismissal of both the procedural and substantive due process claims. They asserted the defense of qualified immunity on the ground that they had violated no clearly established constitutional right. On October 5, 1987, the district court issued an order granting summary judgment to the defendants on the procedural due process claim but denying the defendants' motion as to the substantive due process claim and the qualified immunity defense. The district court also denied Lum's motion for summary judgment, ruling that triable issues of fact existed as to whether the defendants' termination of Lum had been arbitrary, capricious, and pretextual.

On October 28, 1987, the defendants filed a timely appeal from the order denying their motion for summary judgment. They argue that at the time Lum was fired, there was no clearly established substantive due process right to continued public employment that would preclude an arbitrary, capricious, and pretextual termination. They contend that because there was no clearly established right, they were entitled to qualified immunity as a matter of law.[1]

## DISCUSSION

### I. *Qualified Immunity in General*

Government officials who perform discretionary functions are protected from liability for civil damages as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). To defeat qualified immunity, Lum must allege violation of more than an abstract right to due process. He must allege violation of a right that has been " 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.... [I]n the light of preexisting law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

The district court's determination regarding immunity is reviewed de novo. *Tribble v. Gardner*, 860 F.2d 321, 323 (9th Cir. 1988). On an interlocutory appeal, the appellate court "need not consider the correctness of the plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim." *Mitchell*, 472 U.S. at 528, 105 S.Ct.

---

**1.** The defendants also argue that Lum is not entitled to relief because he was reinstated and awarded back pay and thus there was no *final* deprivation of his rights. Because we hold that there was no clearly established substantive due process right at the time of Lum's termination, we need not address this argument.

at 2816. Review in a case like the instant one is limited to determining, as a matter of law, "whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions." *Id.*

In determining whether officials are entitled to qualified immunity, officials are charged with knowledge of constitutional developments at the time of the alleged constitutional violation, including all available case law. *Tribble*, 860 F.2d at 324. A right can be clearly established even though there was no binding precedent in this circuit. *Ostlund v. Bobb*, 825 F.2d 1371, 1374 (9th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 2016, 100 L.Ed.2d 603 (1988). Absent binding precedent, we look to all available decisional law, including the law of other circuits and district courts, to determine whether the right was clearly established. We also evaluate the likelihood that this circuit or the Supreme Court would have reached the same result as courts that had already considered the issue. *Chilicky v. Schweiker*, 796 F.2d 1131, 1138 (9th Cir.1986), *rev'd on other grounds,* —— U.S. ——, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988).

## II. *Clearly Established Nature of the Right*

Lum alleges that his substantive due process right was violated by an arbitrary, capricious, and pretextual discharge. At the time of Lum's termination, there was clear precedent in some circuits establishing substantive due process protection when a public employee could establish a property interest in his employment. For example, the Second Circuit had ruled that to meet the requirements of substantive due process, actions impairing a tenured teacher's property interest in continued employment must have a rational relation to a proper governmental purpose. *Gargiul v. Tompkins*, 704 F.2d 661, 668 (2d Cir.1983), *vacated on other grounds,* 465 U.S. 1016, 104 S.Ct. 1263, 79 L.Ed.2d 670 (1984). The Fifth Circuit had determined that public employees who had a property interest in continued employment could establish a denial of substantive due process if they could prove their terminations were the result of arbitrary and capricious action. *Thompson v. Bass*, 616 F.2d 1259, 1267 (5th Cir.1980), *cert. denied,* 449 U.S. 983, 101 S.Ct. 399, 66 L.Ed.2d 245 (1980). The Tenth and Eleventh Circuits also had clear case law recognizing such a right. *Brenna v. Southern Colorado State College*, 589 F.2d 475, 476–77 (10th Cir.1978); *Barnett v. Atlanta Housing Authority*, 707 F.2d 1571, 1577–78 (11th Cir.1983).

There was no Ninth Circuit precedent which established an entitlement to substantive due process protection for public employment. In *Bignall v. North Idaho College*, 538 F.2d 243 (9th Cir.1976), a case in which the plaintiffs argued that a college had denied a professor substantive due process by firing her in violation of its own tenure policy, we did not reach the issue of whether substantive due process applied. Instead, we determined that because the professor's property interest was based on *de facto* tenure, the contours of the professor's rights were determined by the representations the college had made to her concerning her employment. *Id.* at 249.

Case law in the remaining circuits either left the issue open, summarily addressed the issue and found no violation, or held explicitly that there was no substantive due process right. The First and Third Circuits refused to address whether such a right existed, expressly leaving the question open because the cases presenting the question did not involve a property interest sufficient to trigger any due process protection. *Perkins v. Board of Directors of School Administrative Dist. No. 13*, 686 F.2d 49, 51 n. 5 (1st Cir.1982) (no need to decide whether right exists because no constitutionally protected property right); *McKnight v. Southeastern Pennsylvania Transp. Auth.*, 583 F.2d 1229, 1233 n. 4 (3d Cir.1978) (no need to reach issue because court remanded for determination whether property right existed).

Cases from the Fourth and Sixth Circuits provided only meager support, if any, for a substantive due process right. In *Kowtoniuk v. Quarles*, 528 F.2d 1161, 1165 (4th Cir.1975), a college teacher claimed his dis-

missal violated substantive due process. The Fourth Circuit never discussed the nature of the protection afforded the plaintiff under substantive due process. Instead, the court limited its inquiry to determining whether the district court had committed clear error in finding that there was substantial evidence to support the college committee's decision to sustain the discharge. In *Parham v. Hardaway*, 555 F.2d 139, 142 (6th Cir.1977), the Sixth Circuit simply affirmed the district court's determination that a discharge was not arbitrary or capricious without discussing whether a substantive due process right existed.

In the Eighth Circuit, the existence of a substantive due process right to continued public employment was an open question. In *Buhr v. Buffalo Public School Dist. No. 38*, 509 F.2d 1196 (8th Cir.1974), the Eighth Circuit ruled that the plaintiff must at least have a property or liberty interest which was sufficient to trigger procedural due process before substantive due process would apply. *Id.* at 1202. Since the plaintiff in *Buhr* did not have a property or liberty interest which would suffice to give rise to procedural due process protection, the Eighth Circuit did not further consider the attributes of a substantive due process right. The court stated only that "to the extent that our cases recognize a constitutional right to substantive due process, that right ... 'is no greater than the right to procedural due process.'" *Id.* at 1202 (quoting *Jeffries v. Turkey Run Consolidated School Dist.*, 492 F.2d 1, 4 (7th Cir.1974) (emphasis in original)).

The Eighth Circuit addressed the merits of a substantive due process claim in *Miller v. Dean*, 552 F.2d 266, 268 (8th Cir. 1977). Without dealing with whether a right to substantive due process existed, the court found no violation because the decision to terminate was not arbitrary and capricious. Subsequently, in *Moore v. Warwick Public School Dist. No. 29*, 794 F.2d 322 (8th Cir.1986), the Eighth Circuit stated that

the concept of substantive due process has been alluded to by this Court in prior decisions. As yet, there is no clear consensus whether this Circuit will recognize a substantive due process right to be free from arbitrary and capricious state action.... [T]he law [in] this Circuit remains unclear.

*Id.* at 328–29 (citations omitted). *Moore* was decided after Lum's termination and thus the court's statement that a conflict existed within the Eighth Circuit is not controlling here. We find that statement somewhat relevant, however, in determining that the Eighth Circuit had not recognized substantive due process protection for public employment prior to Lum's termination.

The Seventh Circuit left the issue of substantive due process protection open in *Jeffries v. Turkey Run Consolidated School Dist.*, 492 F.2d 1, 4 (7th Cir.1974). Later, in *Brown v. Brienen*, 722 F.2d 360 (7th Cir. 1983), the Seventh Circuit ruled that there would be no substantive due process protection for state-created property interests in employment. *Id.* at 366–67.

As the foregoing survey indicates, the law in many of the circuits was unsettled at the time of Lum's termination. The Seventh Circuit, which expressly had rejected a substantive due process right for public employment, was in conflict with the four circuits that had recognized a substantive due process right. In *Moore*, however, the Eighth Circuit finally recognized a right to substantive due process, citing the Supreme Court's decision in *Harrah Independent School Dist. v. Martin*, 440 U.S. 194, 99 S.Ct. 1062, 59 L.Ed.2d 248 (1979) (per curiam), as providing "some guidance" in this area. 794 F.2d at 329. According to the Eighth Circuit, the Supreme Court in *Harrah* "implicitly, if not necessarily, recognized a substantive due process right to be free from arbitrary and capricious state action." *Id.* When there is no binding precedent on an issue, a part of our task under the qualified immunity analysis is to determine whether this circuit or the Supreme Court would have followed the precedent of other circuits. Thus, we examine *Harrah* to determine whether it provides a clear indication that the Supreme Court would have resolved the intercircuit

conflict in favor of recognizing a substantive due process right.

In *Harrah,* a school board voted not to renew a tenured teacher's contract because she refused to comply with the board's continuing education requirement. The Supreme Court stated that the Due Process Clause offers procedural safeguards to protected interests and "protects substantive aspects of liberty against impermissible governmental restrictions." 440 U.S. at 197, 99 S.Ct. at 1063. The Court applied a rational basis scrutiny to the board's decision not to renew the contract. Since the decision could not be viewed as arbitrary, the Court rejected the teacher's substantive due process claim as "wholly untenable." *Id.* at 199, 99 S.Ct. at 1064.

By applying a rational basis standard and reaching the merits of the teacher's claim, the Court did suggest that substantive due process would apply in the area of public employment. The Court, however, only summarily addressed the existence of a substantive due process right. In *Regents of the University of Michigan v. Ewing,* 474 U.S. 214, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985), decided subsequent to *Harrah* and to Lum's termination, the Supreme Court assumed without deciding that the plaintiff, a student who had been denied continued college enrollment, had asserted a property interest which gave rise to a substantive due process right. The Court went on to determine that the University had not acted arbitrarily. *Id.* at 223, 106 S.Ct. at 512. Justice Powell, concurring separately, rejected the notion of substantive due process protection for any state-created property interests. *Id.* at 229, 106 S.Ct. at 515–16 (Powell, J., concurring). The Court's reluctance to recognize substantive due process protection outright in *Ewing* demonstrates that the Court is still uncertain as to the nature of substantive due process protection. Justice Powell's concurring opinion also casts some doubt on the existence of a substantive due process right in the area of public employment.

The circuits disagree as to whether inter-circuit conflict on a point of law negates the clearly established nature of a right. The Tenth Circuit has stated that the presence of a conflict "is relevant to the *Harlow* inquiry, but not controlling." *Garcia by Garcia v. Miera,* 817 F.2d 650, 658 (10th Cir.1987), *cert. denied,* ── U.S. ──, 108 S.Ct. 1220, 99 L.Ed.2d 421 (1988); *see also People of Three Mile Island v. Nuclear Regulatory Comm'rs,* 747 F.2d 139, 144 (3d Cir.1984) (noting the ambiguous state of the law on the effect of a conflict). The Seventh Circuit, on the other hand, appears to follow the rule that if there is a conflict among the circuits, the law will not be clearly established until there is a definitive resolution of the conflict by the Supreme Court. *Benson v. Allphin,* 786 F.2d 268, 275 n. 16 (7th Cir.), *cert. denied,* 479 U.S. 848, 107 S.Ct. 172, 93 L.Ed.2d 109 (1986).

In our view, the absence of binding precedent in this circuit plus the conflict between the circuits is sufficient, under the circumstances of this case, to undermine the clearly established nature of a right. Though they are charged with knowledge of constitutional developments, government officials are not required to predict the future course of constitutional law. *Bilbrey by Bilbrey v. Brown,* 738 F.2d 1462, 1465 (9th Cir.1984) (quoting *Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 1000–01, 43 L.Ed.2d 214 (1975)). At the time of Lum's termination, there was a conflict among the circuits that had reached the issue and the law was unsettled in this and the remaining circuits. Absent a more explicit direction from the Supreme Court than that provided in *Harrah,* we are unable to say that the precedent in favor of a substantive due process right was sufficient to overcome the otherwise unsettled and contradictory case law. Thus, we conclude that there was no clearly established constitutional right to substantive due process protection of continued public employment.

## CONCLUSION

We hold that there was no clearly established constitutional right to substantive due process protection for Lum at the time of his termination and that the defendants

are entitled to qualified immunity as a matter of law. Therefore, we reverse and direct the entry of summary judgment in favor of the defendants.

REVERSED.