915 F.2d 1469
 63 Ed. Law Rep. 87
 Orlando CORIZ, Jr., By and Through next friends Orlando
CORIZ and Bernice D. Coriz, Plaintiffs-Appellants,
v.
Arthur MARTINEZ and Carlos Guillen, in their individual
capacities only, Defendants-Appellees.
 No. 89-2313.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 16, 1990.
 
 John B. Roesler, Smith & Roesler, P.C., Santa Fe, N.M., for plaintiffs-appellants.
 Daniel H. Friedman, Simons, Cuddy & Friedman, Santa Fe, N.M., for defendants-appellees.
 Before ANDERSON, BARRETT, Circuit Judges, and CHRISTENSEN,* District Judge.
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 Plaintiff-appellant Orlando Coriz Jr. appeals a summary judgment entered against him on his procedural due process claim on the grounds that the defendants were qualifiedly immune. We affirm.
 
 
 2
 In the fall of 1987, defendant Guillen, an aide to defendant Martinez, a gym teacher at Espanola Valley High School, threw Coriz to the floor in an effort to maintain discipline. Coriz suffered a broken arm and filed suit under 42 U.S.C. Sec. 1983, alleging, inter alia, that his right to procedural due process had been violated because he had no adequate post-deprivation remedy.[1] The district court granted defendants' motion for summary judgment on this claim, finding that they were qualifiedly immune because the inadequacy of Coriz's post-deprivation remedy was not clearly established.
 
 
 3
 In a situation such as this, "where the State is truly unable to anticipate and prevent a random deprivation of a liberty interest," Zinermon v. Burch, --- U.S. ----, 110 S.Ct. 975, 987, 108 L.Ed.2d 100 (1990), "postdeprivation tort remedies are all the process that is due, simply because they are the only remedies the State could be expected to provide," id. at 985. "[A]n unauthorized intentional deprivation ... by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984).
 
 
 4
 "[G]overnment officials performing discretionary functions[ ] generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). "[O]nce a defendant raises a qualified immunity defense the plaintiff assumes the burden of showing that the defendant has violated clearly established law." Hannula v. City of Lakewood, 907 F.2d 129, 131 (10th Cir.1990).
 
 
 5
 Coriz has failed to show that it was clearly established that New Mexico did not provide an adequate post-deprivation remedy. As this court noted in Garcia by Garcia v. Miera, 817 F.2d 650, 656 (10th Cir.1987), cert. denied, 485 U.S. 959, 108 S.Ct. 1220, 99 L.Ed.2d 421 (1988), federal judges in New Mexico had split on the question of whether the state provided adequate post-deprivation remedies for students whose procedural due process rights were allegedly violated by excessive punishment.[2]
 
 
 6
 Coriz argues that the Harlow inquiry into whether the law was clearly established should apply only to the defendants' acts, not to the adequacy of the remedies available to redress those acts. We concede that this is an unusual application of qualified immunity, but we conclude that the district court applied the law correctly.[3] The right Coriz claims the defendants violated is not simply to be free from random, unauthorized deprivations of liberty, but to be free from such deprivations in the absence of adequate post-deprivation remedies. See Parratt v. Taylor, 451 U.S. 527, 537, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981) ("Nothing in [the Fourteenth] Amendment protects against all deprivations of life, liberty or property by the State. The Fourteenth Amendment protects only against deprivations 'without due process of law.' "); see also Hudson v. Palmer, 468 U.S. at 533, 104 S.Ct. at 3203 ("the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy"). Because of the uncertain state of the law, the defendants' "actions could reasonably have been thought consistent with the right[ ] they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987).
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable A. Sherman Christensen, Senior Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 Coriz's substantive due process and other claims were tried to a jury, which found against him
 The defendants contend that the adverse verdict on the substantive due process claim "moots" Coriz's procedural due process claim. We disagree. There are
 three categories of corporal punishment. Punishments that do not exceed the traditional common law standard of reasonableness are not actionable; punishments that exceed the common law standard without adequate state remedies violate procedural due process rights; and, finally, punishments that are so grossly excessive as to be shocking to the conscience violate substantive due process rights, without regard to the adequacy of state remedies.
 Garcia by Garcia v. Miera, 817 F.2d 650, 656 (10th Cir.1987), cert. denied, 485 U.S. 959, 108 S.Ct. 1220, 99 L.Ed.2d 421 (1988). The jury's decision that the punishment in this case did not reach the third level in no way foreclosed a finding that the punishment reached the second level.
 
 
 [2]
 Coriz, quoting our statement in Garcia that "conflict is relevant to the Harlow inquiry, but not controlling," 817 F.2d at 658, contends that the district erred by relying solely upon this split within New Mexico in concluding that the law was not clearly established. The Garcia rule only applies to interjurisdictional conflicts. See Lum v. Jensen, 876 F.2d 1385, 1389 (9th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 867, 107 L.Ed.2d 951 (1990). When there is conflict within a jurisdiction, it cannot be doubted that the law there is not clearly established
 
 
 [3]
 The district court also could have certified to the New Mexico Supreme Court the question of whether Coriz had a state-law remedy. If the answer was affirmative, Coriz's claim would fail, for the absence of an adequate post-deprivation remedy is an element of his claim