967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Windyceslau D. LORENZO, Plaintiff-Appellant,
v.
William W. PATY, et al., Defendants-Appellees.
 No. 91-16196.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 24, 1992.*
Decided June 29, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Windyceslau D. Lorenzo appeals pro se the district court's summary judgment in his action alleging denial of due process in connection with his eviction from a parcel of land by defendant state employees. The district court found that Lorenzo's claims against defendants in their official capacities were barred by eleventh amendment immunity, Lorenzo's claims for damages against defendants in their individual capacities were barred by qualified immunity, and Lorenzo's due process rights were not violated because he had no property interest in the land. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 5
 On April 14, 1988, the state of Hawaii leased a 7-acre plot of land to GKK Specialties, Inc. In June, 1989, Lorenzo and others illegally entered the land as trespassers and began to occupy the land as a residence. On September 29, 1989, GKK Specialties notified the state that it wished to terminate the lease as a direct result of the occupation of the land by Lorenzo and others. The lease was terminated on December 15, 1989. On January 12, 1990, defendants posted a Notice to Vacate on the property and personally served a copy on Lorenzo. The notice stated that the land must be vacated no later than January 15, 1990. On January 16, 1990, defendants went to the property and told Lorenzo and others to vacate. Lorenzo promised defendants he would peacably vacate no later than January 22, 1990. On January 22, 1990, Lorenzo gathered about thirty supporters to resist eviction. On February 1, 1990, defendants evicted Lorenzo and seven others from the land. On August 14, 1990, Lorenzo filed this action alleging that defendants violated his due process rights when they evicted him from the land.
 
 
 6
 * Eleventh Amendment Immunity
 
 
 7
 The district court granted summary judgment for defendants in their official capacities on the ground of eleventh amendment immunity.[1] The eleventh amendment bars a suit against state officials in their official capacity if the State is the real party in interest. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101 (1984). Thus, Lorenzo's action against defendants in their official capacities is barred by the eleventh amendment.
 
 II
 Qualified Immunity
 
 8
 Government officials performing discretionary functions enjoy qualified immunity from liability for damages in civil rights actions. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity applies insofar as the state officials' conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Id.; Lum v. Jensen, 876 F.2d 1385, 1387 (9th Cir.1989).
 
 
 9
 Here, defendants were employees of the State of Hawaii Division of Land Management and Department of Land and Natural Resources. Under Haw.Rev.Stat. § 171-7, they have a duty to prevent unlawful occupation of public lands and to evict all persons trespassing on state land. The facts presented at summary judgment established that defendants reasonably believed that Lorenzo was unlawfully trespassing on state land and that they followed proper procedures in giving Lorenzo notice to vacate and in evicting him. Thus, the district court correctly granted summary judgment for defendants on the ground of qualified immunity. See Harlow, 457 U.S. at 818.
 
 III
 Due Process Violation
 
 10
 Lorenzo claimed that defendants violated his right to due process by evicting him from the land because he had title to the land.[2] The procedural due process requirements of the fourteenth amendment apply only when a constitutionally protected liberty or property interest is at stake. Board of Regents v. Roth, 408 U.S. 564, 569 (1972); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir.1989).
 
 
 11
 Here, Lorenzo's only evidence of a property right in the land is a purported "deed" from Rose P. Lorenzo, dated 1988, which grants 6970 acres of land, including the parcel at issue, to Lorenzo. Lorenzo did not provide any evidence of how Rose P. Lorenzo acquired title to the property. Defendants provided a title report tracing the state of Hawaii's title to the land back to the beginning of the Hawaiian Monarchy. Given this evidence, the district court correctly granted summary judgment for defendants on Lorenzo's due process claims because Lorenzo had no protected interest in the property. See Board of Regents v. Roth, 408 U.S. at 569.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Lorenzo was proceeding pro se, the district court liberally construed his complaint as suing defendants in both their official and individual capacities
 
 
 [2]
 Lorenzo sought injunctive and declaratory relief against defendants. Because these claims are not barred by qualified immunity, see Presbyterian Church (U.S.A.) v. United States, 870 F.2d 518, 527 (9th Cir.1989), we address the merits of Lorenzo's due process claims