985 F.2d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kevin BARTHOLOMEW, Plaintiff-Appellee,
v.
James ROWLAND; B.J. Bunnell, et al., Defendants-Appellants.
 No. 91-16167.
 United States Court of Appeals, Ninth Circuit.
 Jan. 22, 1993.
 
 Before SNEED, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 B.J. Bunnell, former warden of the California Correctional Institution (CCI), and other prison officials appeal from the denial of their motions for summary judgment in state prisoner Kevin Bartholomew's 42 U.S.C. § 1983 action. Bartholomew alleged that the prison officials violated his Eighth Amendment rights by not providing a bland diet for his ulcer. On appeal, Bunnell contends that the district court erred because Bartholomew did not allege sufficient facts to state a claim against him. Appellants John DeRomanette, M.D., and Roy Johnson, M.D., argue that the district court erred in denying their motion to dismiss this action based on the defense of qualified immunity. We dismiss Bunnell's appeal as premature and reverse the denial of the summary judgment motion filed by Dr. DeRomanette and Dr. Johnson.
 
 I.
 
 3
 Kevin Bartholomew is an inmate in the CCI. He is serving an indeterminate term of 27 years to life for murder. He alleged the following facts in his complaint. On May 4, 1987, he complained to prison medical personnel about stomach pains. On May 6, Dr. DeRomanette spoke with Bartholomew from outside his cell, but did not examine him. Dr. DeRomanette prescribed medication for muscle spasms.
 
 
 4
 Bartholomew complained about stomach pains again on May 14, 1987. When no doctor appeared by the next day, Bartholomew asked prison personnel "why he wasn't seen." He was told not to worry because his medication had been changed.
 
 
 5
 Bartholomew then initiated an administrative appeal requesting a physical examination to determine if Dr. DeRomanette had correctly diagnosed his complaint. On May 29, 1987, he saw Dr. Ordell. Bartholomew explained to Dr. Ordell that the medicine prescribed by Dr. DeRomanette had not relieved the pain. Dr. Ordell told Bartholomew that the problem might be an ulcer, and prescribed an ulcer medication. Dr. Ordell also told him to avoid spicy or greasy foods. Bartholomew asked Dr. Ordell if he could prescribe a special diet for him. Dr. Ordell told him that CCI policy prohibited special medical diets except for diabetics.
 
 
 6
 Bartholomew instituted another administrative appeal requesting either a bland diet, or a transfer to an institution that would accommodate his need for a bland diet. The CCI denied his appeal. Bartholomew requested reconsideration, which was denied.
 
 
 7
 On October 1, 1987, Bartholomew filed a civil rights action pursuant to 42 U.S.C. § 1983 against James Rowland, Director of the California Department of Corrections (CDC); B.J. Bunnell, warden of CCI in Tehachapi, California; Roy Johnson, M.D., Chief Medical Officer at CCI, and Dr. DeRomanette. Bartholomew alleged violation of his Fourteenth Amendment due process rights and the Eighth Amendment's prohibition against cruel and unusual punishment. He sought a declaratory judgment, an injunction, and $2,000,000 in compensatory and punitive damages.
 
 
 8
 On February 11, 1988, appellants filed their answer to Bartholomew's complaint. They asserted several affirmative defenses, including qualified immunity.
 
 
 9
 On March 14, 1991, the appellants filed motions for summary judgment. Dr. Johnson and Dr. DeRomanette argued they were entitled to qualified immunity because they discharged their duties in good faith and did not violate any clearly established federal law. Bunnell, on the other hand, did not seek a dismissal based on qualified immunity. Instead, he maintained that Bartholomew's complaint failed to state a cause of action because "it [was] totally devoid of a single factual allegation detailing a specific act or omission on [Bunnell's part] which allegedly resulted in a violation of [Bartholomew]'s constitutional rights." Bartholomew did not file a response to the motions for summary judgment. The magistrate judge made his recommendation to the district court on April 19, 1991. On May 3, 1991, Bartholomew filed an untimely request for an extension of time to respond to appellants' motions for summary judgment. The request was moot, however, as the magistrate judge had already recommended the denial of summary judgment.
 
 
 10
 The magistrate judge recommended denial of appellants' motions for a summary judgment on the ground that appellants had produced no evidence that the prison had provided Bartholomew with dietary choices. The magistrate judge further found that Dr. DeRomanette and Dr. Johnson had "proffered no evidence upon which the court can apply the objective standard for qualified immunity provided in Harlow v. Fitzgerald, 457 U.S. 800 (1982)." The district court adopted the magistrate judge's findings and recommendations on June 19, 1991, and entered an order denying appellants' motions for summary judgment.[1]
 
 II.
 
 11
 As a threshold matter, we note that James Rowland, the former director of the California Department of Corrections, was named as a defendant in Bartholomew's complaint. Although appellants refer to Rowland as a party to this appeal, he is not. The notice of appeal was filed by Robert Borg, B.J. Bunnell, Roy Johnson and John DeRomanette.[2] Rowland is not a party to this appeal because he was not named in the notice of appeal. Torres v. Oakland Scavenger Co., 487 U.S. 312, 314 (1988); United States ex rel. Blue Circle West, Inc. v. Tucson Mechanical Contracting Inc., 921 F.2d 911, 913 (9th Cir.1990).
 
 III.
 
 12
 This court reviews de novo a denial of summary judgment on the ground of qualified immunity. Lum v. Jensen, 876 F.2d 1385, 1386 (9th Cir.1989), cert. denied, 493 U.S. 1057 (1990). "[W]e view the facts in the light most favorable to the nonmoving party...." Kraus v. County of Pierce, 793 F.2d 1105, 1106-07 (9th Cir.1986), cert. denied, 480 U.S. 932 (1987).
 
 
 13
 "In most instances, an appeal lies only from a final judgment of the district court." Velasquez v. Senko, 813 F.2d 1509, 1511 (9th Cir.1987). The Supreme Court has made an exception for the denial of summary judgment based on qualified immunity. Mitchell v. Forsyth, 472 U.S. 511, 530 (1985) ("[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291....").
 
 
 14
 Bunnell did not argue before the district court that the complaint must be dismissed based on the defense of qualified immunity. Instead, he argued that Bartholomew failed to allege facts showing that Bunnell's conduct deprived Bartholomew of a right protected under section 1983. Accordingly, Bunnell's appeal must be dismissed because it was taken from a nonfinal order denying his motion for summary judgment for failure to allege facts showing a constitutional violation. See White v. Pierce County, 797 F.2d 812, 814 (9th Cir.1986) (dismissing appeals from denial of summary judgment in section 1983 action by defendants who failed to assert qualified immunity).
 
 IV.
 
 15
 Dr. DeRomanette and Dr. Johnson contend that Bartholomew has failed to allege any facts showing deliberate indifference to his medical needs on their part. They argue that
 
 
 16
 it was not clearly established law in 1987 that a licensed California physician would violate the civil rights of a state prisoner by refusing to administer to him [a bland diet] that was no longer considered in the medical community to be an acceptable medical practice for a claimed [ulcer] that was not objectively established by sound medical evidence.
 
 
 17
 (emphasis omitted). Dr. DeRomanette and Dr. Johnson therefore reason they are protected from liability under the doctrine of qualified immunity. We agree.
 
 
 18
 Dr. DeRomanette and Dr. Johnson, as prison officials, have qualified immunity. Procunier v. Navarette, 434 U.S. 555, 561 (1978). They are protected from suit "as long as 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " Lum, 876 F.2d at 1386 (quoting Harlow, 457 U.S. at 817).
 
 
 19
 To defeat qualified immunity, [Bartholomew] must allege violation of more than an abstract right to due process. He must allege violation of a right that has been "clearly established in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.... [I]n the light of preexisting law the unlawfulness must be apparent."
 
 
 20
 Id. at 1386 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)) (internal quotation marks omitted) (alteration in original).
 
 
 21
 "Review in a case like the instant one is limited to determining, as a matter of law, 'whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions.' " Id. at 1387 (quoting Mitchell, 472 U.S. at 528). In order to have alleged a clearly established violation of his Eighth Amendment rights, Bartholomew was required to present facts showing that prison officials acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Furthermore, "the indifference to his medical needs must be substantial. Mere indifference, negligence, or medical malpractice will not support [an Eighth Amendment violation]." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980) (citation and quotation marks omitted).
 
 
 22
 Bartholomew's complaint alleges no more than that the prison's current course of medical treatment for his stomach ulcer has failed to alleviate his pain. Bartholomew has failed to allege facts or to produce evidence to counter the showing of Dr. DeRomanette and Dr. Johnson that reasonable physicians in their position would not have known they were being indifferent to Bartholomew's medical condition, much less being deliberately indifferent. Bartholomew admits in his complaint that Dr. DeRomanette prescribed medication immediately upon being apprised of Bartholomew's symptoms. Insofar as the physicians are concerned, the complaint alleges only that a prison doctor thought Bartholomew might have an ulcer and advised Bartholomew that, in addition to taking his medication, he should avoid spicy or greasy food.
 
 
 23
 At very worst, Bartholomew's complaint can be construed as alleging that Dr. DeRomanette and Dr. Johnson were somehow negligent in recommending only that he avoid greasy or spicy food. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. Bartholomew has failed to present facts demonstrating a violation of clearly established federal law. The order of the district court denying the motion for a summary judgment filed by Dr. DeRomanette and Dr. Johnson is REVERSED with directions to enter an order granting it. The appeal filed by Bunnell is DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 On January 30, 1992, while this matter was pending on appeal, the magistrate judge severed the claims of Rowland and Bunnell from the claims of Dr. DeRomanette and Dr. Johnson. He stayed proceedings against Dr. DeRomanette and Dr. Johnson pending the outcome of this appeal, but allowed proceedings against Rowland and Bunnell to go forward, based on their failure to assert qualified immunity on appeal. On March 2, 1992, Rowland and Bunnell again moved for summary judgment. On May 26, 1992, the magistrate judge recommended that summary judgment be granted in favor of Rowland and Bunnell. The district court had not acted on the magistrate judge's recommendation as of the date of the filing of this disposition
 
 
 [2]
 Borg was not named as a party to Bartholomew's complaint. Use of his name in the notice of appeal was apparently a clerical error. Therefore, there are only three appellants before this court