28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tony Melendez LONGORIA, Plaintiff-Appellee,
v.
Robert G. BORG, Warden, et al., Defendants,
and
Bernie Aispuro, Warden, Defendant-Appellant.
 No. 93-15573.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1994.*
Decided July 13, 1994.
 
 Before: GOODWIN, POOLE, REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bernie Aispuro, the former warden of the California State Prison at Corcoran ("Corcoran"), appeals the denial of his motion for summary judgment based on qualified immunity in a 42 U.S.C. Sec. 1983 action brought by inmate Tony Melendez Longoria. Longoria contends that the operation of the integrated exercise yards at Corcoran constituted cruel and unusual punishment. We have jurisdiction pursuant to the collateral order doctrine, Mitchell v. Forysth, 472 U.S. 511, 530 (1985), and we affirm.
 
 
 3
 We review de novo the district court's denial of a motion for qualified immunity. Lum v. Jensen, 876 F.2d 1385, 1386 (9th Cir.1989), cert. denied, 493 U.S. 1057 (1990). Qualified immunity protects government officials who perform discretionary functions from civil damages liability if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Anderson v. Creighton, 483 U.S. 635 (1987); Harlow v. Fitzgerald, 457 U.S. 800 (1982).
 
 
 4
 To determine whether an official is entitled to qualified immunity, a court must determine (1) whether the right allegedly violated was "clearly established" at the time of the alleged violation, and (2) whether, in light of that law, a reasonable official could have believed his conduct to be lawful. Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993). Ordinarily, the district court should resolve the question of qualified immunity before trial, Hunter v. Bryant, 112 S.Ct. 534, 536-37 (1991), but if "a genuine issue of fact exists preventing a determination of qualified immunity at summary judgment, the case must proceed to trial." Act Up!/Portland, 988 F.2d at 873.
 
 
 5
 To prevail in a claim alleging a violation of the Eighth Amendment based on conditions of confinement, a plaintiff must establish two elements: First, plaintiff must show that the alleged deprivation was sufficiently serious. Wilson v. Seiter, 501 U.S. 294 (1991). Second, plaintiff must be able to show that the defendant had the requisite state of mind: that he or she acted with "deliberate indifference" to prisoner needs. Id.
 
 
 6
 The district court concluded that the right involved was sufficiently clearly established to withstand the defendant's motion for summary judgment. We agree. A prison official has a constitutional duty to take reasonable measures to ensure a prisoner's safety from assaults by other prisoners. See Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); Walsh v. Mellas, 837 F.2d 789 (7th Cir.), cert. denied, 486 U.S. 1061 (1988); Martin v. White, 742 F.2d 469 (8th Cir.1984).
 
 
 7
 The district court also found that Longoria had met his burden of establishing that a genuine issue of fact existed regarding whether the defendants acted with deliberate indifference in operating the SHU integrated yards, despite evidence of repeated assaults and even deaths. It held that the existence of such factual disputes prevented a determination of qualified immunity at the summary judgment stage. We agree.
 
 
 8
 According to interrogatory responses provided by defendant Aispuro, between January 1, 1989 and June 30, 1990, there were a total of 796 "reportable incidents" in Corcoran's SHU facility and four inmates lost their lives.[1] Although prison officials set up various policies to avoid assaults at Corcoran's SHU yards, the plaintiff has submitted evidence to indicate that these procedures were not followed. While Aispuro contends that known enemies were not placed in the same yard together, the plaintiff has introduced affidavits and disciplinary logs that contradict that assertion. See Pl.'s Opp.Summ.J.Exh. E, F & G. Given that the inmates housed in Corcoran SHU were "Level IV" inmates, segregated from the general prison population because of a history of violence or gang involvement, failing to separate known enemies from each other under such circumstances raises an Eighth Amendment issue.
 
 
 9
 What conduct underlies the violation--what Aispuro did or failed to do--is a determination of fact. See Act Up!/Portland, 988 F.2d at 873. The court correctly found that disputed issues of fact prevented a determination of qualified immunity at summary judgment.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Defendant Aispuro contends that the reason for the higher than average number of assaults at Corcoran's SHU yards was due in part to the fact that the Nuestra Familia prison gang was allegedly instigating fights in order to compel prison administrators to change its policy, and institute gang segregated yards. Even if this is true, however, a question of fact remains as to whether Aispuro, in the face of four deaths on the SHU yards, should have taken other measures to protect inmates from violence