104 F.3d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shirley McCLURE; Jason McClure, Plaintiffs-Appellees,
v.
CITY OF LONG BEACH, Defendant,
and
Jeffrey Kellogg; Raymond Grabinski; Eugene J. Zeller;
Clifford Ashton; William Gatoff; Martin
Deangelo; Harold Liddicoat; Mark
Sutton, Defendants-Appellants.
 No. 94-56772.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 16, 1995.
Decided June 28, 1996.
Withdrawn Dec. 20, 1996.
 
 1
 C.D.Cal.
 
 
 2
 DISMISSED IN PART, REVERSED IN PART.
 
 
 3
 Appeal from the United States District Court, for the Central District of California, D.C. No. CV-92-2776-JSL (JK); Spencer J. Letts, District Judge, Presiding.
 
 
 4
 Before: HALL and NOONAN, Circuit Judges, and PRO,* District Judge.
 
 ORDER
 
 5
 The memorandum disposition filed on June 28, 1996, is hereby withdrawn and the attached 11-page amended memorandum disposition is filed in its stead.
 
 
 6
 The panel has voted to deny appellees' petition for rehearing. Judges Hall and Noonan have voted to reject the suggestion for rehearing en banc and Judge Pro has recommended rejection.
 
 
 7
 The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed.R.App.P. 35.
 
 
 8
 With the filing of the amended memorandum disposition the petition for rehearing is DENIED and the suggestion for rehearing en banc is REJECTED.
 
 
 9
 Appellees' motion to file supplemental excerpts of record is DENIED.
 
 
 10
 MEMORANDUM*
 
 
 11
 Defendants-Appellants Martin DeAngelo and other officials of the City of Long Beach appeal from the district court's order denying them summary judgment based on qualified immunity. In part, we lack jurisdiction to hear the appeal. To the extent that we have jurisdiction, we find appellants entitled to qualified immunity on certain claims.
 
 I.
 
 12
 Defendants-appellants Martin DeAngelo, William Gatoff, Mark Sutton, and Harold Liddicoat are all employees of the Long Beach Building department. The only claims remaining against these defendants are for violations of the Fair Housing Act. Jeffrey Kellogg and Raymond Grabinski are Long Beach City councilmen; Eugene Zeller is the Superintendent of the city's Building Department. The district court denied their motions for summary judgment in their entirety; thus, they are still facing claims for violations of 42 U.S.C. §§ 1983, 1985, and 1986 and violations of the Fair Housing Act.
 
 
 13
 As a preliminary matter, we note that we do not have jurisdiction over two of appellants' claims. First, they contend that the McClures failed to raise a genuine issue of material fact as to whether appellants violated the McClures' rights under the Fair Housing Act. Second, appellants argue that the McClures failed to raise a genuine issue of material fact as to whether appellants deprived them of equal protection of the law. Both claims involve determinations about the sufficiency of the evidence and therefore cannot be reviewed on interlocutory appeal. See Johnson v. Jones, 115 S.Ct. 2151, 2156 (1995); see also Armendariz v. Penman, Nos. 93-55393, 93-55587, slip op. at 1125 (9th Cir. Feb. 7, 1996) (en banc).
 
 
 14
 We also lack jurisdiction over the councilmen's First Amendment defense under Cohen v. Beneficial Loan Corp., 337 U.S. 541 (1949). Cohen requires that an interlocutory order must meet a minimum of three conditions in order to be appealable: The order must (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment. Id.; Kuster v. Block, 773 F.2d 1048, 1049 (9th Cir.1985). Here, the order in question never conclusively determined the councilmen's First Amendment defense, which is wholly separate from their qualified immunity defense. Therefore, we lack jurisdiction to consider it on this interlocutory appeal. See Mitchell v. Forsyth, 472 U.S. 511, 525 (1984) (limiting interlocutory appeal to review of qualified immunity defense).
 
 
 15
 Accordingly, we address only appellants' claim that the law regarding application of the Fair Housing Act to the handicapped was not clearly established, and appellants' argument that they are entitled to qualified immunity on the claim that appellants violated the McClures' substantive and procedural due process rights in violation of 42 U.S.C. § 1983.
 
 II.
 
 16
 If appellants can demonstrate that the law regarding the Fair Housing Amendments Act was not clearly established at the time they acted, then they are entitled to qualified immunity. Appellants are "charged with knowledge of constitutional developments at the time of the alleged constitutional violation, including all available case law." Lum v. Jensen, 876 F.2d 1385 (9th Cir.1989), cert. denied, 493 U.S. 1057 (1990).
 
 
 17
 "A right can be clearly established even if there was no binding precedent in this circuit." Id. Absent binding circuit precedent the panel must look to "all available decisional law, including the law of other circuits and district courts, to determine whether the law was clearly established." Id. However, the mere existence of case law may not be enough to clearly establish the law. See id. at 1389 (where there is no binding precedent in this circuit and no Supreme Court precedent, and where a conflict among the circuits exists, the court held the right had not been clearly established).
 
 
 18
 The McClures sued appellants under three sections of the FHAA--42 U.S.C. §§ 3604(f)(1), 3604(f)(3)(B), and 3617. Each statute is analyzed in turn.
 
 A.
 
 19
 Section 3604 is a part of the Fair Housing Amendments Act (FHAA), which was enacted by Congress in 1988 and became effective on March 12, 1989. See Pub.L. No. 100-430, 102 Stat. 1619. Section 3604(f)(1) makes it unlawful
 
 
 20
 [t]o discriminate in the sale or rental, or to otherwise
 
 
 21
 make unavailable or deny, a dwelling to any buyer or renter because of a handicap of--
 
 
 22
 (A) that buyer or renter;
 
 
 23
 (B) a person residing in or intending to reside in that dwelling after it is sold, rented, or made available; or
 
 
 24
 (C) any person associated with that buyer or renter. 42 U.S.C. § 3604(f)(1).
 
 
 25
 The alleged conduct of the Long Beach building officials and councilmen occurred from July through October 1990, only a little over a year after § 3604(f)(1) became effective. By that time, no published opinion of this circuit had discussed the meaning of "to otherwise make unavailable or deny" under § 3604(f)(1), and whether it includes a city's revocation of building permits and other enforcement of its building code for violations of that code. The few district court cases from other circuits that had considered this section by that time fail to provide clearly established law governing such conduct. See Association of Relatives & Friends of AIDS Patients (A.F.A.P.S.) v. Regulation and Permits Admin., 740 F.Supp. 95 (D.P.R.1990); Baxter v. City of Belleville, 720 F.Supp. 720 (S.D.Ill.1989). These cases do not provide much discussion of what conduct falls within "to otherwise make unavailable or deny." Moreover, unlike those cases, this case does not involve a denial of a special use permit, where the applicant's building had otherwise been in compliance with the city's building regulations. The McClures were granted building permits and admit that their properties failed to comply with several aspects of the building code. The McClures contend that the city's revocation of permits and other enforcement of the building code is comparable to the denial of a special use permit. What is different in this case, however, is that the buildings intended for housing were in violation of the building code and could have been unsafe for use. This case presents a closer issue of discrimination under § 3604(f)(1) than the denial of a special use permit to an applicant whose building is safe and ready for use, because the city, not to mention the handicapped people who are to inhabit the buildings, has a valid interest in safe housing.
 
 
 26
 The McClures attempt to analogize the right protected by § 3604(f)(1) to the well-established right protected by § 3604(a) to be free from discrimination and argue that case law regarding § 3604(a) provides clearly established law regarding § 3604(f)(1) given that both sections include the language "otherwise make unavailable or deny." The McClures' argument defines the right at issue at a level of generality that the Supreme Court has rejected. Anderson v. Creighton, 483 U.S. 635, 640 (1987). The question of qualified immunity requires a particularized analysis, which cannot be answered by simply finding an abstract right to be free from discrimination in housing. See Lum v. Jensen, 876 F.2d at 1386. None of the cases cited by the McClures involves the circumstance where a property owner, whose property is not in compliance with a city's building code, asserts a claim under § 3604 for the discriminatory enforcement of the building code. Nor have the McClures pointed to any case which provides clear guidance for future cases as to the meaning of "otherwise make unavailable or deny." In Keith v. Volpe, we noted that the standard for proving discrimination under § 3604(a) was not established in this circuit and was in some disagreement among other circuits. 858 F.2d 467, 482-83 (9th Cir.1988), cert. denied, 493 U.S. 813 (1989). Case law subsequent to the conduct of the officials here confirms our conclusion that the law regarding § 3604(f) was--and is--unsettled. See, e.g., Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277, 1282-84 (3d Cir.1993); Michigan Protection and Advocacy Service, Inc. v. Babin, 18 F.3d 337, 344-45 (6th Cir.1994); Bryant Woods Inn, Inc. v. Howard County, Md., 911 F.Supp. 918, 929-39 (D.Md.1996). Given the recent enactment of § 3604(f)(1) and the relative dearth of case law interpreting it, a reasonable official would not have known by clearly established law whether § 3604(f)(1) makes it unlawful for an official to enforce, with a discriminatory motive, the building code for violations of the code by a property owner who planned to open up the building as housing for the handicapped. Consequently, the appellants are entitled to qualified immunity with respect to this claim.
 
 B.
 
 27
 We have found no case law from 1988-1990 in or outside this circuit which discusses the application of § 3604(f)(3) to the handicapped. Accordingly, because no law was clearly established as to this section, we find appellants are entitled to qualified immunity as to this claim.
 
 C.
 Section 3617 makes it unlawful to
 
 28
 coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any rights granted or protected by section 3603, 3604, 3605, or 3606 of this title.
 
 
 29
 Courts have at times applied § 3617 broadly. See United States v. City of Hayward, 36 F.3d 832, 835 (9th Cir.1994), cert. denied, 116 S.Ct. 65 (1996). The qualified immunity standard, however, is a particularized one: "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 488 U.S. 635, 640 (1987). At the time of the alleged conduct here, § 3617 had not been applied in this circuit to any situation of "interference" with a right protected by § 3604(f) for the handicapped. Only one district court from another circuit had considered such a claim with respect to a § 3604(f) right. See Baxter v. City of Belleville, 720 F.Supp. 720, 733 (S.D.Ill.1989). Nor had § 3617 been applied to cover a city's enforcement of its building code for violations of that code for either the handicapped or any other protected class under the statute. Just as with the law regarding § 3604, we hold that the law governing § 3617 was not sufficiently clear to have informed a reasonable official in July through October 1990 that enforcement of the building code for violations of the code could be actionable "interference" under that section if done with some discriminatory intent.
 
 III.
 
 30
 The McClures contend that appellants violated their substantive and due process rights in violation of 42 U.S.C. § 1983. We disagree.
 
 A.
 
 31
 The McClures' contention that defendants violated their substantive due process rights implicates the McClures' alleged property rights. As such, it is a claim governed by the criteria of the Fourth Amendment, Soldal v. Cook County, 113 S.Ct. 538, 548 (1992), Armendariz, slip op. at 1146, and is therefore properly maintainable, if at all, only as a Fourth Amendment claim. Albright v. Oliver, 114 S.Ct. 807, 813 (1994); Graham v. Connor, 490 U.S. 386, 395 (1989). Consequently, as pled, it must be dismissed.
 
 B.
 
 32
 The McClures also claim their procedural due process rights were violated when their building permits and fire clearance were revoked and when their gas meters were removed by order of the City's Building Department. Defendants argue that the McClures have failed to exhaust their administrative remedies; specifically, defendants point out that under Long Beach Municipal Code § 18.20.100, the McClures could have appealed the City's actions to the Board of Examiners, Appeals and Condemnation. In that appeal, the legality of the City's acts could have been decided.
 
 
 33
 The McClures admit that, although they had counsel, they did not take advantage of the appeals process, but claim that they did not do so because they were misled by Superintendent Eugene Zeller. The McClures' admission is fatal to this claim. The existence of a post-deprivation procedure is sufficient remedy for the alleged violation of property rights. Brogan v. San Mateo County, 901 F.2d 762, 764 (9th Cir.1990). There was and is no established law that the denial that a remedy exists by a city official not charged with implementation of the remedy itself is a denial of due process. See Kerly Industries, Inc. v. Pima County, 785 F.2d 1444, 1446 (9th Cir.1980).
 
 IV.
 
 34
 We also find that appellants are entitled to qualified immunity as to the McClures' 42 U.S.C. §§ 1985 and 1986 claims. First, to satisfy the standing requirements of Section 1985(3), appellants must demonstrate that they are members "of a class that the government has determined requires and warrants special federal assistance in protecting their civil rights." Maynard v. City of San Jose, 37 F.3d 1396, 1403 (9th Cir.1994). Although in passing the Americans with Disabilities Act Congress has indicated that the handicapped constitutes a special class deserving protection, appellants are not themselves disabled. They merely seek to build homes for the disabled. As such, we find that appellants lack standing to proceed under this statute.
 
 
 35
 Second, we note that Section 1986 is predicated on asserting a valid § 1985 claim. Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir.1995). Because appellants cannot proceed under Section 1985, we find that they are also unable to assert a claim under § 1986.
 
 CONCLUSION
 
 36
 We DISMISS for lack of jurisdiction the appellants' claims that (1) the McClures failed to raise a genuine issue of material fact as to whether appellants violated the McClures' rights under the Fair Housing Act, and (2) the McClures failed to raise a genuine issue of material fact as to whether appellants deprived the McClures equal protection of law. As to the Fair Housing Act, due process, Section 1985, and Section 1986 claims, we REVERSE the district court's denial of summary judgment and find that appellants are entitled to qualified immunity.
 
 
 
 *
 Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3