**Marguerite KAY, Plaintiff—Appellant,**

v.

**Leslie P. TOLBERT, wife; Paul St. John, husband; Margaret G. Kidwell, a single woman; Thomas C. Cetas, husband; Betty L. Cetas, wife; Thomas M. Thompson, a single man; Michael A. Cusanovich, husband; Marilyn J. Halonen, wife; Peter Likins, husband; Pat Likins, wife; Board of Arizona Regents, Defendants—Appellees.**

* The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

No. 01–15893.

D.C. No. CV–00–00290–JMR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 15, 2002.

Decided Feb. 13, 2003.

Before KOZINSKI and McKEOWN, Circuit Judges, and FITZGERALD,* District Judge.

### MEMORANDUM**

1. Plaintiff's state-law claims are premature because we can't determine what, if any, relief she deserves until the ongoing administrative process is complete. *Cf. Gilbert v. Bd. of Med. Exam'rs*, 155 Ariz. 169, 745 P.2d 617, 624 (1987). In any event, it's not clear plaintiff has, or will ever have, cognizable common-law claims: Challenges to an administrative decision must be raised as an appeal *from that decision;* "[o]ther litigation may not be substituted for an appeal as a mechanism to obtain judicial review of the administrative action." *Id.* at 622. Otherwise, a remand to the administrative body to determine the appropriate relief—as state law requires—would become redundant and unnecessary.

2. Because we can only speculate whether the Board will again terminate plaintiff for the same (allegedly unlawful) reasons, using the same (allegedly deficient) procedures, she doesn't have standing to request injunctive relief. *See City*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*of L.A. v. Lyons*, 461 U.S. 95, 101–05, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

3. The individual defendants are entitled to qualified immunity on plaintiff's substantive due process claim, as the alleged right wasn't clearly established at the time of her termination. *See Lum v. Jensen*, 876 F.2d 1385, 1389–90 (9th Cir. 1989); *see also Saucier v. Katz*, 533 U.S. 194, 201–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

4. Even if plaintiff's procedural due process claim had merit, the individual defendants still wouldn't be liable because they weren't responsible for the allegedly deficient procedures. *See Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.