**Dennis KERN, Plaintiff–Appellant,**

v.

**CLARK COUNTY; et al., Defendants–Appellees.**

No. 05–15785.

United States Court of Appeals,
Ninth Circuit.

Submitted April 20, 2007 *.

Filed May 3, 2007.

Kirk T. Kennedy, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Stephanie A. Barker, Clark County District Attorney's Office, Civil Division, Las Vegas, NV, for Defendants–Appellees.

Before: D.W. NELSON and CALLAHAN, Circuit Judges, and CARNEY **, District Judge.

MEMORANDUM ***

Dennis Kern ("Kern") appeals from the district court's grant of summary judgment in favor of Kern's employer, Clark County ("County"), and his supervisor, Bruce Fox ("Fox"), on Kern's 42 U.S.C. § 1983 action following his termination, restoration with demotion, and discipline for insubordinate conduct and exposing workers to hazardous chemicals. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's grant of summary judgment de novo. *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 602 (9th Cir.2004).

Kern does not dispute that he received an evidentiary hearing, a disciplinary hearing, and a "Step 1" hearing required by a collective bargaining agreement ("CBA") before he was terminated. Kern also does not dispute that he received two post-termination hearings ("Step 2" and "Step 3" under the CBA) that resulted in his reinstatement with a demotion. Kern received notice of the hearings, a chance to respond, and an opportunity to confront the evidence. Moreover, Kern does not dispute that he received union representation. Therefore, Kern "received all the process that was due him." *Foss v. Nat'l Marine Fisheries Serv.*, 161 F.3d 584, 588 (9th Cir.1998).

This court has not yet decided whether "substantive due process protects the right to a particular public employment position." *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 996–97 (9th Cir.2007). Until a specific substantive due process right is recognized or clearly established in this circuit, officials are entitled to qualified immunity from such claims alleging a violation of such a right as a matter of law. *Lum v. Jensen*, 876 F.2d 1385, 1387–89 (9th Cir.1989). We need not decide this issue here, however, because even if such a claim existed, Kern has produced no evidence that either Fox's or the County's actions were arbitrary or unreasonable.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Lebbos v. Judges of the Superior Court,* 883 F.2d 810, 818 (9th Cir.1989).

Fox is entitled to qualified immunity because no constitutional violation occurred. *Squaw Valley Dev. Co. v. Goldberg,* 375 F.3d 936, 943 (9th Cir.2004). The County prevails on the municipal liability claim because Kern did not establish that a policy or custom caused a violation of his constitutional rights. *City of Canton v. Harris,* 489 U.S. 378, 385–91, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Christie v. Iopa,* 176 F.3d 1231, 1235 (9th Cir. 1999).

**AFFIRMED.**

